UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BOBBY COLLINS, | ) | Civil Action No.: 4:07-1564-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| NETWORK EXPRESS, INC. and JAY McMILLIAN, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.    INTRODUCTION**

Plaintiff brings this action pro se, alleging he has been discriminated against because of his age, his race, and his disability. Presently before the Court are Defendant Jay McMillan's (McMillan) Motion to Dismiss (Document # 41), Plaintiff's Motion for Summary Judgment (Document # 67) and Defendants Motion for Summary Judgment (Document # 73). Because Plaintiff is proceeding pro se, he was advised by pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion to Dismiss and Motion for Summary Judgment could result in dismissal of his Complaint. Plaintiff timely responded to the Motion for Summary Judgment but not to the Motion to Dismiss. At a status conference on March 12, 2008, Plaintiff was given an additional thirty days to respond to the Motion to Dismiss, which he did.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motions are dispositive, this Report and Recommendation is entered for review by the District Judge.

**II.     MOTION TO DISMISS**

Plaintiff alleges discrimination against Network Express, Inc. and Jay McMillan[1] on the basis of age, race, and disability. Therefore, his claims fall under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, et. seq., Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e), and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111, et. seq. McMillan moves for dismissal of all claims against him pursuant to Rule 12(b)(6), Fed.R.Civ.P.

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal. Liberal construction means only that if the court can reasonably read the

---

[1] Plaintiff alleges in his Complaint that McMillan is his manager. Although not expressly set forth in the Complaint, it is presumed that Plaintiff is alleging Defendant Network Express, Inc. (NEI) to be his employer.

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

McMillan argues that he cannot be individually liable for Plaintiff's claims under the ADEA, Title VII, or the ADA. In Birkbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir. 1994), the Fourth Circuit addressed the availability of individual liability in an action brought pursuant to the ADEA. After discussing the statutory definition of "employer" and finding little sense to hold a single defendant liable when Congress expressly exempted all employers, corporate, individual or otherwise, from liability if it employed fewer than the requisite number of employees triggering applicability of the ADEA itself, it held an individual supervisor could not be held liable under the ADEA. Id. at 510. However, the Birkbeck court did limit the holding to employees/agents engaging in "personnel decisions of plainly delegable character." Id. at n.1. Subsequent to Birkbeck, the Fourth Circuit, noting the similarity and relation in statutory language and Congressional intent relating to the ADEA, ADA and Title VII, held that there is no individual liability in cases brought pursuant to the Title VII, Lissau v. Southern Food Service, Inc., 159 F.3d 177, 181 (4th Cir. 1998), or the ADA, Baird v. Baird, 192 F.3d 462, 472 (4th Cir. 1999). The Lissau and Baird decisions do not contain the caveat or limitation based upon "delegable decisions" and emphasize the definition of "employer" under the respective statutes. Title VII, the ADA, and the ADEA contain definitions of "employer" to include a person who employs a certain number of employees. 42 U.S.C. §2000e(b)(Title VII); 42 U.S.C. §12111(5)(A)(ADA); 29 U.S.C. §630(b)(ADEA).

Clearly, McMillan does not fall within the definition of an employer under any of the relevant statutes. Therefore, McMillan cannot be held liable for the discrimination alleged by Plaintiff under the ADEA, Title VII, or the ADA. Accordingly, dismissal of McMillan from this action is appropriate.[2]

### III.    MOTIONS FOR SUMMARY JUDGMENT

####    A.    Factual History

Plaintiff's Motion for Summary Judgment and Defendants' Motion for Summary Judgment are related and will be discussed together. Plaintiff, a white male, age 57 at the time his Complaint was filed, asserts the following allegations in his Complaint:

> I was employed as a courier in January 2003. I have been subjected to different and less advantageous treatment compared to other couriers, in terms of being assigned routes. At one point my routes were doubled up, making it impossible for me to complete. In May 2006, I complained about the routes to Jay McMillan, my manager. I also told McMillan that I have congestive heart failure. Subsequently, all my routes were deleted in June 2006. When I called dispatch around June 12, 2006, I had not been assigned any routes, resulting in my constructive discharge.

Complaint at 4-5.

In his Motion for Summary Judgment, Plaintiff asserts that on more than one occasion McMillan scheduled him for two routes on the same day without giving him two or three days of notice as required. Plaintiff asserts that he has never seen evidence that an African American driver was treated the same way. He asserts that Leroy Palmer was given five routes during a week when

---

[2] Even if the "plainly delegable" caveat was still applicable, the decision to promote, the decision to terminate, and other normal personnel actions are "plainly delegable." See Pardasani v. Rack Room Shoes Inc., 912 F.Supp. 187, 191 (M.D.N.C.1996) (holding promotions and "other normal personnel decisions" to be plainly delegable); Stephens v. Kay Mgmt. Co., Inc., 907 F.Supp. 169, 173 (E.D.Va.1995)(holding termination decisions to be plainly delegable). Plaintiff alleges that McMillan was responsible for assigning his routes as a courier. Assignment of duties is a normal personnel decision, and, as such, is plainly delegable.

he was given only two routes. He mentions that McMillan fired an African American for running his routes late. Plaintiff also asserts that James Sansbury had cancer, but McMillan never doubled his routes or took a route from him without his permission. Plaintiff further notes that Bobby Pressley refused to run the Columbia route and continuously refused to run small routes in Florence, Nicole Scriven was on STAT but could not be reached, and James Sansbury was derogatory to a nurse, but McMillan did nothing about this conduct.

Plaintiff attaches to his Motion for Summary Judgment a "Courier Phone List." Handwritten next to each of the names on the list is either "W" or "AA", which stands for "White" or "African American." There is also a handwritten number next to each name and above the numbers is a handwritten label: "Age–guessing." According to this attachment, Nicole Scriven is African American and her age is guessed to be 34. James Sansbury is White and his age is guessed to be 70. Leroy Palmer is African American and his age is guessed to be 58. Bobby Pressley is not on the list.

NEI operates a distribution network for the delivery of prescription medications from institutional pharmacies to nursing homes and other healthcare accounts. In January of 2003, Plaintiff executed a "Work for Hire Agreement" (the Agreement) with NEI. See Ex. A to Affidavit of Jay McMillan. Paragraph four of the Agreement provides:

> **4.      RELATIONSHIP OF PARTIES.** It is understood by the parties that Contractor[3] is an independent contractor with respect to NEI, and not an employee of NEI. NEI will not provide fringe benefits, including health insurance and workers' compensation benefits (Contractor has provide a valid Certificate of Workers Compensation Coverage or has elected to be exempt as a sole Proprietor, Partner, or Officer of a Corporation not related in any way to Network Express, Inc.), paid vacation, or any other employee benefit, for the benefit of Contractor. Contractor is responsible for all expenses related to the completion of the work that is accepted by Contractor,

---

[3]Plaintiff is the "Contractor," "the party to be providing services."

>to include all vehicle, fuel, toll and miscellaneous expenses. It is the Contractor's obligation to pay income and self-employment taxes on amounts earned under this agreement. NEI will provide Contractor a IRS form 1099 reflecting amounts earned, if over $600.

Id. Furthermore, paragraph three of the Agreement provides that either party may terminate the Agreement with or without notice, and NEI is not required to provide work to Contractor and Contractor is not required to accept work under the terms of the Agreement. Id. Plaintiff does not deny that he entered into this Agreement with NEI.

One of NEI's customers, Winyah Pharmacy Solutions, in Georgetown, South Carolina, complained to McMillan that paperwork required to properly document the delivery of scheduled drugs was not always being completed in a timely manner for a number of deliveries. McMillan Aff. at ¶ 7. McMillan checked the routes for which there were paperwork deficiencies and determined that the deliveries had been made by Plaintiff. Id. It also came to McMillan's attention that Plaintiff had been ignoring after hours or "STAT" requests for courier runs or passing off after hour emergency deliveries to other available couriers voluntarily. Id. McMillan made the decision to terminate NEI's Agreement with Plaintiff based on this information.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on August 7, 2006. On March 27, 2007, the EEOC dismissed the Charge, finding no employee/employer relationship. See Exhibit A to Defendants' Reply (Document # 89). Plaintiff filed the present action on June 5, 2007.

### B.     Standard of Review

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings.  Rather, the party must present evidence supporting his or her position through

"depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**C.     Discussion**

It is undisputed that Plaintiff was an Independent Contractor for NEI. The Agreement signed by Plaintiff clearly states that his relationship with NEI was as "an independent contractor with respect to NEI, and not an employee of NEI." Neither Title VII, the ADA, nor the ADEA are applicable to independent contractors. See Farlow v. Wachovia Bank of North Carolina, 259 F.3d 309, 313 (4th Cir. 2001) (Title VII); Garrett v. Phillips Mills Inc., 721 F.2d 979, 981-82 (4th Cir. 1983) (ADEA); Wojewski v. Rapid City Regional Hospital Inc., 450 F.3d 338, 342 (8th Cir. 2006).

Even without the Agreement, Plaintiff's relationship with NEI was clearly that of an independent contractor. To determine whether or not a plaintiff qualifies as an "employee" for purposes of Title VII, the Fourth Circuit recognizes the "hybrid" test, or Spirides test[4]. Control is the most compelling factor to consider; however, other factors to consider include: (1) the type of occupation; (2) the skill required for the occupation; (3) who furnished the equipment used at the place of work; (4) the length of time worked; (5) the method of payment; (6) how the relationship is terminated; (7) whether annual leave is available; (8) whether work is integral part of employer's business; (9) whether the employer provides retirement benefits; (10) whether the employer pays social security taxes; and (11) the intention of the parties. Williams v. Grimes Aerospace Company,

---

[4] This refers to the test annunciated in Spirides v. Reinhardt, 613 F.2d 826, 832 (D.C. Cir. 1979).

988 F. Supp. 925, (D.S.C. 1997) (citing Garratt v. Phillips Mills, Inc., 721 F.2d 979, 981-82 (4th Cir. 1983).[5]

NEI exercised little, if any, control over Plaintiff's day to day duties as a courier. NEI assigned routes and deliveries on an as needed basis. McMillan Aff. at ¶ 3. Routes and deliveries were not permanently assigned nor did they otherwise "belong" to any particular courier. Id. Plaintiff's delivery assignments varied from week to week. Id. at ¶ 12. Couriers were free to trade assignments and days off as long as McMillan was notified. Id. McMillan did not need to approve the switch, but he need to make sure all routes were covered. Id. All couriers used their own vehicles, gas, and insurance. Id. at ¶ 14. Couriers were paid on a per delivery basis and were issued 1099s for all compensation. Id. at ¶ 16.

Because Plaintiff does not dispute that he was an independent contractor and both the Agreement and circumstances surrounding his work for NEI reveal that he was an independent contractor, Title VII, the ADA, and the ADEA are not applicable here. Thus, Defendants' Motion for Summary Judgment should be granted.

IV.   **CONCLUSION**

In light of the above analysis, it is recommended that McMillan's Motion to Dismiss (Document # 41) be granted, Plaintiff's Motion for Summary Judgment (Document # 67) be denied and Defendants Motion for Summary Judgment (Document # 73) be granted.

---

[5] See also Farlow v. Wachovia Bank of North Carolina, NA, 259 F.3d 309,313 (4th Cir. 2001)(firing party's right to control the manner and means by which the product is accomplished is the key factor under common law of agency).

                                                 RESPECTFULLY SUBMITTED,

                                                 s/Thomas E. Rogers, III
                                                 Thomas E. Rogers, III
                                                 United States Magistrate Judge

August 1, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**