UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Bobby Collins, | ) | Civil Action No.: 4:07-1564-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| Network Express, Inc. and | ) | |
| Jay McMillian, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff filed this action on June 5, 2007 alleging causes of action for reverse discrimination on the basis of race in violation of Title VII, 42 U.S.C. §2000e, and violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621. Before the Court for consideration are the Motion to Dismiss filed by defendant Jay McMillian on September 14, 2007 (Docket Entry #41) and the Motion for Summary Judgment filed by defendant Network Express on October 18, 2007 (Docket Entry #67).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Rogers carefully considers the issues and recommends that the defendants' motions be granted. Plaintiff filed objections to the Report on August 15, 2008. Defendants filed a response on August 29, 2008.

In conducting its review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

### Facts

The court agrees with the factual background as set forth by the Magistrate Judge in his Report and Recommendation.

### Legal Standard for Motion to Dismiss

Under the standard set forth in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." Giarratano v. Johnson, 521 F.3d 298 (4th Cir. 2008), citing Twombly, 127 S.Ct. at 1974. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and which gives the defendant "fair notice of what the claim is and the grounds upon which it rests." Anderson v. Sara Lee Corp., 508 F.3d 181,187, citing Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

### Legal Standard for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

2

Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. <u>Shealy v. Winston</u>, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. <u>Id</u>. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." <u>Id. (quoting Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." <u>Temkin v. Frederick County Commrs</u>, 845 F.2d 716, 718 (4th Cir. 1991) (<u>citing Celotex Corp v. Catrett</u>, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." <u>Id</u>. at 718-19 (<u>citing Anderson</u>, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." <u>Baber v. Hosp. Corp. of Am.</u>, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. <u>Id.</u> and <u>Doyle v. Sentry, Inc.</u>, 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (<u>see</u> Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. <u>Baber</u>, 977 F.2d 872, *citing* <u>Celotex Corp.</u>, <u>supra</u>. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof

3

that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993); DeLeon v. St. Joseph Hosp., Inc., 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).  Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547 (5th Cir. 1987); Evans v. Techs. Applications & Servs. Co., 875 F. Supp. 1115 (D. Md. 1995).

### **Plaintiff's Objections**

In his objections, the plaintiff appears to dispute the recommendation by the Magistrate Judge that he was an independent contractor and thus would not be covered by the federal employment laws under which he attempts to proceed.  He also appears to assert for the first time a breach of contract claim.[1] He does not challenge the proposed finding that the individual defendant, McMillian, should be dismissed on the basis that he could not be held individually liable for the plaintiff's claims under the ADEA, Title VII, and the ADA.

### **Analysis**

With regard to the question of whether the plaintiff was an independent contractor[2], the Court agrees with the Magistrate Judge that there are no material issues of fact.  "Resolution of factors as 'to whether an employment relationship or an independent contractor relationship was created' is 'a question of law.'. . . Merely because employee and independent contractor status is each supported by certain factors does not bar entry of summary judgment."Farlow v. Wachovia Bank of North Carolina, N.A., 259 F.3d 309, 313 (4th Cir. 2001).  Both the Professional Courier Application for Contract  and The Work for Hire Agreement which were signed by the plaintiff provided that he was

---

[1] The Court will not consider any breach of contract claim since such a claim has never been submitted.

[2] It is of interest that the EEOC found that the plaintiff was an independent contractor.

an independent contractor. Even had there been no written agreement specifying the relationship of the parties, applying the pertinent factors, the plaintiff was an independent contractor. Defendant exercised little or no control over the performance of the plaintiff's day to day duties as a courier. The plaintiff used his own car and gasoline. He received no employee benefits. He was paid per delivery and was issued a 1099 rather than being paid as an employee. After a review of the factors set forth in Farlow and the record herein, the Court agrees with the Magistrate Judge that the plaintiff was an independent contractor.

Even if the Court were to conclude that the plaintiff was an employee and not an independent contractor, the plaintiff could not prevail on the merits of his claims. The McDonnell Douglas proof scheme applies to each of the plaintiff's claims. Under this scheme, the plaintiff has the initial burden of demonstrating a prima facie case of discrimination: (1) he is a member of a protected class; (2) he was qualified for the job and his job performance was satisfactory; (3) he has suffered an adverse employment action; and (4) other employees who are not members of the protected class were treated differently under apparently similar circumstances. Bryant v. Bell A. Maryland, Inc., 288 F.3d 124, 133 (4th Cir. 2002). Once a prima facie case is established by the plaintiff, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for the adverse employment action. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). After the defendant has met this burden of production, the sole remaining issue is "discrimination vel non." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000). In other words, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by the defendant is merely a pretextual reason for intentional discrimination. Reeves, 530 U.S. at 143; Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004).

Plaintiff has failed to establish a prima facie case of race discrimination in that he fails to show

that he was replaced by an African-American or that his position otherwise remained open. Also, he has not met the higher burden associated with reverse discrimination cases by showing that Network Express is an unusual employer which discriminates against the majority. See Green v. Clarendon County Sch. Dist. 3, 923 F.Supp. 829, 840 ( D.S.C. 1996). Even assuming the plaintiff has sufficient evidence to make out a prima facie case, the defendant has articulated a legitimate, nondiscriminatory reason for terminating the contract based on complaints by customers, and the plaintiff has not shown that the nondiscriminatory reason was pretexual. Plaintiff asserts in his objections that McMillian discriminated against him by assigning a route previously assigned to him to an African-American courier. However, the plaintiff had been scheduled to run two routes at the same time and this had to be corrected. Plaintiff also claims that McMillian did not terminate the courier contracts of Bobby Presley and James Sansbury after they allegedly committed infractions. However, since both Presly and Sansbury are Caucasian males, this could not be utilized as a basis for reverse discrimination. Another factor which weakens the plaintiff's claim of reverse discrimination is that McMillian, the decisionmaker, is also a Caucasion male. See Love v. Alamance County Bd. of Educ., 757 F.2d 1504 (4th Cir. 1985). Additionally, the plaintiff cannot rely on his own speculation and self-serving opinions to survive summary judgment. Therefore, the plaintiff's claim for race discrimination fails.

Plaintiff has also failed to present any evidence of age discrimination. Plaintiff attempts to rely on his deposition testimony regarding a remark McMillian made to Plaintiff during a courier meeting. According to Plaintiff, McMillian made the following comment: "Bobby Collins has been with this company forever." Collins Dep. at p. 73, lines 16- 17. Plaintiff then explained that McMillian made this comment after Plaintiff, an experienced courier, who had been contracting with Network Express since the company began low country operations, forgot to "clear out his routes" at the end of his run. Id. at p. 76, lines 17-25. In other words, McMillian reprimanded Plaintiff for making a mistake that

never should have occurred based on his level of experience. While Plaintiff is certainly free to interpret a remark in any way he chooses, such a remark is not evidence of age discrimination. Moreover, even if McMillian had made a derogatory remark, there is no evidence of any age-bias or disparate action on the part of the defendants. To the contrary, the undisputed evidence demonstrates that McMillian treated older couriers favorably. Plaintiff has failed to provide any evidence to support an age-based claim.

Plaintiff also alleges a violation of the ADA. His main support for this claim is his allegation that he told McMillian on June 1, 2006, eleven days before his independent contractor agreement was terminated, that he suffers from congestive heart failure. (Collins Dep. p. 34, lines 21-24.) According to Plaintiff, he never told anyone at Network Express about his heart condition before June 1. (Collins Dep. pp. 34-35, lines 24-25, 1-3). (McMillian denies that Plaintiff ever mentioned his alleged heart condition.) (Declaration of Jay McMillian). Plaintiff has made two applications to the Social Security Administration for total disability. In support of his Social Security Disability claim, Plaintiff submitted a letter from F. Ray Thigpen, M.D. who opined that Plaintiff is permanently and totally disabled and, further, unable to maintain gainful employment. (Docket Entry No. 67-6 at p. 4-6.) Moreover, in his deposition, Dr. Thigpen testified that the plaintiff would have been unable to work since June 12, 2006.

In order to establish a prima facie case of disability discrimination, Plaintiff must establish that he: (1) has a "disability" as defined by the ADA; (2) is a "qualified individual" for the employment in question; and (3) was discharged because of a disability. Martinson v. Kinney Shoe Corp., 104 F.3d 683 (4th Cir. 1997). A "qualified individual with a disability" is one "who, with or without reasonable accommodation can perform the essential functions" of his job. EEOC v. Stowe-Farr Mils, Inc., 216 F.3d 373,377 (4th Cir. 2000). In obtaining and by submitting

Dr. Thigpen's letter as evidence to this Court, Plaintiff is taking the position that he was unable to work in any job as of June 12, 2006. Under these circumstances, Plaintiff cannot, as a matter of law, establish he could continue to perform the essential functions of the courier position after the date his independent contractor agreement was terminated. In addition, while a claim of total disability for Social Security purposes does not automatically estop a Plaintiff from making an ADA claim that he can perform the job with a reasonable accommodation, <u>Stowe-Farr</u> <u>Mills</u>, 216 F.3d at 377, Plaintiff has not reconciled the inconsistency between claiming total disability for social security benefits purposes on the one hand, and pursuing an ADA claim on the other. <u>Id</u>, citing <u>Cleveland v.Policy Mgmt. Sys. Corp</u>., 526 US. 795, 807 (1999).

Moreover, Plaintiff never requested any accommodation from Network Express as he was required to do. (Collins Dep. p. 138, lines 8-10). <u>See</u> <u>Lamb v. Qualex, Inc.</u>, 2002 WL 500492 (4th Cir. April 3, 2002) (a plaintiff bears the burden of establishing he requested an accommodation under the ADA). Under these circumstances, Plaintiff cannot as a matter of law establish he was a qualified individual with a disability for ADA purposes.

Even if Plaintiff could demonstrate that he is in fact disabled, is a qualified individual with a disability under the ADA, and that he requested accommodation, Plaintiff has not presented any evidence that he was terminated or suffered any other adverse employment action due to any alleged disability. Other than his allegedly communicating his heart condition to McMillian, Plaintiff s only other "evidence" of disability discrimination is in the form of a reference to two other couriers with health problems whom McMillian accommodated. Plaintiff testified that McMillian allowed Caucasian courier Bobby Presley, who had suffered a heart attack, to run the same route on a regular basis. (Collins Dep. pp. 60-61, lines 23-25, 1-10). Additionally, Plaintiff testified that James Sansbury, another Caucasian courier, suffered from cancer and that

McMillian coordinated his delivery assignments with his cancer treatment. Id at pp. 172-73, lines 16-25, 1. This testimony belies any notion of disability discrimination on the part of the defendants. The evidence presented by Plaintiff demonstrates that he has no viable ADA claim and that there is no evidence of discrimination by the defendants.

## Conclusion

For the foregoing reasons, the undersigned overrules all objections, adopts and incorporates the Report and Recommendation of the Magistrate Judge as modified herein, and **GRANTS** the Motion to Dismiss by defendant McMillian and the Motion for Summary Judgment by the defendants.[3]

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 11, 2008
Florence, South Carolina

---

[3] Defendant Network Express has also filed a motion for summary judgment as to back pay and front pay (Docket Entry #160, filed August 15, 2008). The time has not run for the plaintiff to file a response. This motion is rendered moot by the Court's grant of the motions to dismiss and for summary judgment herein. However, in any event, the Court questions whether an award of back pay or front pay would be appropriate where the plaintiff has apparently been totally disabled since June of 2006.